**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eric Leondia GOINS, Defendant–
Appellant.**

**No. 92–5169.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1993.

Decided Nov. 24, 1993.

Michael W. Patrick, Haywood, Denny, Miller, Johnson, Sessoms & Patrick, Chapel Hill, NC, argued, for defendant-appellant.

David Bernard Smith, Asst. U.S. Atty./Sr. Litigation Counsel, Greensboro, NC, argued (Robert H. Edmunds, Jr., U.S. Atty., on brief), for plaintiff-appellee.

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

## OPINION

LUTTIG, Circuit Judge:

Appellant Eric Leondia Goins was convicted by a jury of possession with intent to distribute cocaine hydrochloride and of conspiracy. *See* 21 U.S.C. §§ 841, 846. He challenges his convictions on the grounds that two hearsay statements were improperly admitted into evidence by the district court. Finding no error by the district court, we affirm.

### I.

Evidence adduced at trial showed that Eric Goins was the main supplier of cocaine for a conspiracy that procured cocaine and sold it in Greensboro, North Carolina.

Two pieces of the evidence presented against Goins are at issue in this appeal. The first is the testimony of an unindicted co-conspirator, Antonio Capel, that prior to a trip to Atlanta with William Wadelington, William Peoples, another co-conspirator, asked him to talk to Goins about selling cocaine to him directly, thereby circumventing William Wadelington. J.A. at 240–41. Capel further testified that, although he went to Atlanta with Wadelington and met with Goins, he never approached Goins about buying the cocaine directly. *Id.* at 248.

The second is a tape recording of a telephone conversation that was played to the jury over defense objections. In July 1989, Mary Wadelington alerted the authorities that her brother, William Wadelington, was storing drugs at her apartment. After turning over more than a kilogram of cocaine, she made recorded telephone calls to her brother and his wife, Lorraine Angelia Wadelington. At police request, she told them that the police had asked for permission to search her apartment, that she had refused, and that she then fled. During the first conversation, Lorraine told Mary that she thought Goins was the source of the problem with the police.[1]

### II.

■ Goins challenges the admission of Capel's and Mary Wadelington's statements, arguing that they were erroneously admitted under Fed.R.Evid. 801(d)(2)(E). For a statement to be admissible under Rule 801(d)(2)(E), the evidence must show by a preponderance: (1) that a conspiracy existed; (2) that the defendant and declarant both participated in that conspiracy; and (3) that the statement was in the course of and in furtherance of that conspiracy. Fed.R.Evid. 801(d)(2)(E); *e.g., United States v. Jackson,* 863 F.2d 1168, 1171 (4th Cir.1989). The district court's determination that a statement was made in furtherance of a conspiracy in which the defendant participated is one of fact which will not be reversed unless clearly erroneous. *E.g., United States v. Blevins,* 960 F.2d 1252, 1255 (4th Cir.1992).

### A.

■ Goins contends that Peoples' statement, as related by Capel, was not admissible under Rule 801(d)(2)(E) because it was made in furtherance of an independent conspiracy in which he never participated. *See, e.g., United States v. Beale,* 921 F.2d 1412, 1423 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 100, 116 L.Ed.2d 71 (1991). Specifically, he claims that this statement was made as part of a separate conspiracy between Peoples and Capel to create their own cocaine distribution scheme and eliminate the middle man, William Wadelington.

---

1. The taped conversation, in pertinent part, was as follows:
   [Lorraine]: It wasn't what you thought it was.
   [Mary]: Oh-huh.
   [Lorraine]: We found out last night. That was something from another end.
   [Mary]: Okay.
   [Lorraine]: And I think, I think Eric had something to do with that.
   [Mary]: Okay.
   [Lorraine]: Okay, that's what we found out last night.
   J.A. at 350–51.

Whether or not Peoples and Capel did create, or were attempting to create, a conspiracy separate from that involving Wadelington, they were, as appellant concedes, at all times also involved in the conspiracy in which Goins and Wadelington were participants. The defining common objective of that conspiracy was to sell in Greensboro cocaine acquired from Goins, not to benefit William Wadelington. Appellant does not dispute this; he argues only that this objective was achieved by the means of distribution through William Wadelington: "the conspiracy [Goins] was charged with *involved* supplying cocaine from Atlanta through [William Wadelington] for distribution in Greensboro." Appellant's Br. at 10 (emphasis added). Peoples' statement to Capel was unquestionably in furtherance of the objective of this conspiracy because, even if Peoples and Capel had been successful in altering the conspiracy's chain of distribution, they would still have continued to distribute in Greensboro the cocaine supplied by Goins. The district court, therefore, did not clearly err in finding that a preponderance of the evidence supported that Peoples' statement was that of a co-conspirator made in furtherance of the conspiracy.

### B.

■ Goins also challenges the admission of the taped telephone conversation between Mary and Lorraine Wadelington in which Lorraine said she believed Goins to be the source of the problems with the police. He contends that the evidence was insufficient to show that Lorraine was a co-conspirator. He argues that the only evidence connecting Lorraine to the conspiracy was the taped conversation itself.[2]

We disagree. There was ample independent evidence linking Lorraine to the charged conspiracy. Mary Wadelington testified that Lorraine had accompanied William Wadelington to her apartment to drop off cocaine, J.A. at 76–77, and that she had

discussed William's drug business with her. *Id.* at 214–15. Codefendant Keith Thompson testified he had bought cocaine from Lorraine and William, Tr. 380, and had seen two kilograms of cocaine in their apartment, Tr. 384. Finally, the recorded telephone conversations themselves indicate that Lorraine had been in contact with William about Mary's disappearance, was trying to assuage Mary's fears of being caught with the drugs, and was working to facilitate contact between Mary and William. J.A. at 350–57.

This evidence goes well beyond merely showing that Lorraine was associated with the conspirators. Thus, the district court did not clearly err by finding that Lorraine Wadelington was a member of the conspiracy and that her statements were admissible under Rule 801(d)(2)(E).

### III.

■ Finally, Goins argues that the two statements, even if meeting the requirements of Rule 801(d)(2)(E), were inadmissible because the declarants were not shown to have had personal knowledge of the matters asserted. This presents an issue of first impression in this circuit.

Fed.R.Evid. 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." The Advisory Committee's Notes to Rule 801(d)(2), however, confirm that the foundational requirements of Rule 602 do not apply to statements admissible as non-hearsay admissions under Rule 801(d)(2):

No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from ... the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparent prevalent satisfaction with the re-

---

2. Appellant urges that we now decide whether a statement sought to be admitted under Rule 801(d)(2)(E) can, by itself, establish the existence of the conspiracy that renders it admissible. This question has been specifically reserved by the Supreme Court, *Bourjaily v. United States,*

483 U.S. 171, 181, 107 S.Ct. 2775, 2781–82, 97 L.Ed.2d 144 (1987), and by this Court, *United States v. Leavis,* 853 F.2d 215, 219 (4th Cir.1988). Its resolution should await a case, unlike this one, where it is essential.

sults, calls for generous treatment of this avenue of admissibility.

Fed.R.Evid. 801(d)(2) advisory committee's note.[3]

Accordingly, we join our sister circuits in holding that the personal knowledge requirement of Rule 602 does not apply to statements of a co-conspirator admissible as non-hearsay under Rule 801(d)(2)(E). *See United States v. McLernon*, 746 F.2d 1098, 1106 (6th Cir.1984); *United States v. Ammar*, 714 F.2d 238, 254 (3d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). *Cf. Brookover v. Mary Hitchcock Memorial Hosp.*, 893 F.2d 411, 415–18 (1st Cir.1990) (personal knowledge requirement does not apply to Fed.R.Evid. 801(d)(2)(D)); *MCI Communications Corp. v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1146 (7th Cir.) (same), *cert. denied*, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); *Mahlandt v. Wild Canid Survival & Research Center, Inc.*, 588 F.2d 626, 630–31 (8th Cir.1978) (same). *But cf. Litton Systems, Inc. v. American Tel. & Tel. Co.*, 700 F.2d 785, 816–17 (2d Cir.1983), *cert. denied*, 464 U.S. 1073, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984).[4] Because no showing of personal knowledge is necessary under Rule 801(d)(2)(E), the district court did not err in admitting under that Rule the challenged statements of William Peoples and Lorraine Wadelington.

## CONCLUSION

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED.*

MURNAGHAN, Circuit Judge, concurring:

I am not convinced that Goins was part of the conspiracy between William Peoples and Antonio Capel to circumvent William Wadelington, the principal participant of the larger conspiracy. While a finding that there were two separate conspiracies would preclude the admission of Capel's statement under 801(d)(2)(E) as the statement of a co-conspirator, any error was, I believe, harmless in view of the weight of the other evidence linking Goins to the larger conspiracy involving William Wadelington.

---

3. The omission of a personal knowledge requirement from Rule 801(d)(2) has been recognized by scholarly commentary, *see* 4 Jack B. Weinstein, *Weinstein's Evidence* § 801(d)(2)(C)[01], at 801–277–801–280; *McCormick on Evidence*, § 263, at 778–79 (Edward W. Cleary ed., 3d ed. 1984), and vigorously criticized by Judge Weinstein.

4. The validity of *Litton* was called into question by Judge Friendly in *United States v. Southland Corp.*, 760 F.2d 1366, 1376 n. 4 (2d Cir.), *cert. denied*, 474 U.S. 825, 106 S.Ct. 82, 88 L.Ed.2d 67 (1985).