**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5676

DORAN RICHARDSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5848

EDDIE SHEPHARD, a/k/a Shep,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5849

EDDIE SHEPHARD, a/k/a Shep,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-2, CR-95-4)

Submitted: June 10, 1997

Decided: July 31, 1997

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martin P. Sheehan, SHEEHAN & NUGENT, Wheeling, West Virginia; William Cipriani, CIPRIANI & PAULL, L.C., Wellsburg, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal their conviction of conspiracy to possess with the intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C. § 2, 841, 846, 860 (1994). We affirm.

In January 1995, following an investigation of an open-air crack cocaine market in Wheeling, West Virginia, Appellants were indicted along with two other named conspirators and other conspirators "known and unknown," in a twenty-five count indictment charging conspiracy to possess with intent to distribute crack cocaine. At the same time, a second indictment was issued charging another drug conspiracy; Appellant Shephard was named in the second indictment, but Appellant Richardson was not.

On appeal, Appellants claim that the district court erred by admitting testimony from individuals named in the second conspiracy indictment to prove the conspiracy charged in the first indictment. Appellants further claim that there was insufficient evidence to sustain a conviction of conspiracy, that the district court erred in not

2

granting a severance, and that the district court erred in enhancing Appellants' sentences under 21 U.S.C. § 860 (1994).

This court reviews a district court's evidentiary decision for abuse of discretion. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). We find that the district court did not abuse its discretion by admitting testimony from individuals named in a separate conspiracy because there is sufficient evidence to show that these individuals were "known" but unnamed conspirators of the conspiracy charged in the first indictment. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992); see generally United States v. Goins, 11 F.3d 441, 442-43 (4th Cir. 1993).

Appellants' contention that there was insufficient evidence to support a conviction of conspiracy fails. The government must show two elements in a conspiracy case: (1) an agreement between two or more persons, and (2) an intent to achieve a certain objective through unlawful means. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (in banc), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). We must affirm Appellants' conviction "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

Viewed in the light most favorable to the Government, the evidence at trial showed that Appellants associated together, as well as conspired with other individuals, to distribute crack cocaine. Viewing the evidence in the light most favorable to the Government-- including testimony from co-conspirators, along with video and audio surveillance tapes--it is sufficient to sustain a conviction for conspiracy.

We further find that Appellants' claim that the district court erred by not granting a severance is meritless. Because Appellants failed to raise this issue below, the standard of review is plain error. See Fed. R. Crim. P. 12; United States v. Olano, 517 U.S. 725 (1993). Because the cases involved intertwined drug conspiracy offenses, the district court did not plainly err in failing to sever the cases sua sponte.

Finally, in accordance with our established precedent, we find Appellants' claim that the district court erred by enhancing their sen-

3

tences under 21 U.S.C. § 860 (1994) to be meritless. <u>See United States v. Campbell</u>, 935 F.2d 39, 44 (4th Cir. 1991).

Accordingly, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4