**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4363**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDGAR JEROME MELVIN, a/k/a EJ Melvin, a/k/a Big Dog,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:10-cr-00580-CMC-1)

Submitted:  June 13, 2012          Decided:  July 31, 2012

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Susan Z. Hitt, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Edgar Jerome Melvin of thirty-seven violations of federal law, including racketeering, conspiracy to distribute cocaine, and extortion. These convictions were based on evidence presented at trial that between 2001, when Melvin took office as Sherriff of Lee County, South Carolina, and his arrest in 2010, he abused his office and enriched himself and his associates by extorting money from drug dealers in exchange for fixing criminal charges and protecting them from investigation by law enforcement agencies. On appeal, Melvin asserts a number of trial errors. We have reviewed Melvin's objections and find them to be without merit.

Melvin initially contends that the district court erred in denying Melvin's motion to sever Counts Twenty-Seven through Twenty-Nine of the Second Superseding Indictment. These Counts allege that Melvin made false statements to the FBI regarding his knowledge of and contact with drug dealers in Lee County, in violation of 18 U.S.C. § 1001(a)(2). We assess a claim of improper joinder under Fed. R. Crim. P. 8(a) de novo and a district court's refusal to sever a joined count under Fed. R. Crim. P. 14 for abuse of discretion. United States v. Cardwell, 433 F.3d 378, 384-85 (4th Cir. 2005). Counts Twenty-Seven through Twenty-Nine allege that Melvin made knowingly false statements by denying that he had any association with or

2

knowledge of the drug dealing activities of his co-conspirators, and by denying any involvement in the extortion scheme and drug-trafficking conspiracy. The false statements are thus directly related to Counts One and Two, which allege a pattern of racketeering and extortion and a conspiracy to distribute cocaine and cocaine base. The statements also prove Melvin's attempt to further the drug conspiracy by protecting himself and his co-conspirators from apprehension. Thus, the false statement counts were properly joined under Rule 8(a) because they were "based on the same act or transaction" and were "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Additionally, we find no abuse of discretion in the district court's denial of Melvin's motion to sever under Rule 14. The joined crimes have a logical relationship with one another, see Cardwell, 433 F.3d at 385, and the evidence of the joined crimes would have been mutually admissible in separate trials, see United States v. Cole, 857 F.2d 971, 974 (4th Cir. 1977).

Next, Melvin challenges certain statements and trial testimony that he contends were hearsay, bad character evidence, and unduly prejudicial, and were therefore admitted in violation of the Federal Rules of Evidence. We review the district court's decision to admit these statements for abuse of discretion. United States v. Mark, 943 F.2d 444, 447 (4th Cir.

3

1991); United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992).

Melvin first challenges certain testimony as hearsay. This testimony includes statements by witnesses that Melvin "fixed" a traffic ticket, that Melvin was paid to dismiss criminal charges, and that drug dealers paid Melvin for protection from criminal investigation. The district court admitted this testimony as co-conspirator statements admissible under Fed. R. Evid. 801(d)(2)(E). Melvin contends that these statements had nothing to do with the conspiracy to possess and distribute drugs in Count Two -- the only conspiracy charged in the Second Superseding Indictment. Perhaps so, but the test under Fed. R. Evid. 801(d)(2)(E) does not require that a conspiracy be charged; the Rule requires only that the government show by a preponderance of the evidence that a conspiracy existed in fact. See United States v. Goins, 11 F.3d 441, 442 (4th Cir. 1993); see also United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991); United States v. Trowery, 542 F.2d 623, 626 (3d Cir. 1976). Here, the government produced ample evidence that Melvin engaged in racketeering activities that involved a jointly-undertaken criminal enterprise with the declarants of the statements in question.

Melvin next challenges the inclusion of Quentin Davis's testimony that, in 2006, while purchasing drugs from

4

George Patel, Davis saw a car he identified as Melvin's truck pull up behind Davis's car. Davis testified that Patel brought cocaine from Melvin's truck to Davis's car and confirmed to Davis that Melvin was driving the truck. Melvin submits the admission of this testimony was error pursuant to Anders v. California, 36 U.S. 738 (1967), and also argues that the testimony was unduly prejudicial under Fed. R. Evid. 403. Having reviewed the record, we find no abuse of discretion in the district court's admission of the statements. See United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). Count Two charges Melvin with participating in a conspiracy to distribute drugs from 2001 until 2010. Thus, Davis's testimony was intrinsic evidence of Melvin's participation in the conspiracy, and was also highly probative.

Melvin further challenges the introduction of evidence concerning several uncharged bad acts, pursuant to Fed. R. Evid. 404(b) and 403, arguing that the evidence portrayed him "as a law enforcement officer who does not enforce the law, but bends it to his will." Appellant's Br. at 55. Having reviewed the record, it is clear that the testimony about Melvin's uncharged conduct concerned bad acts that occurred in the context of Melvin's racketeering enterprise and proved elements of the racketeering charge, like the existence of a illegal enterprise, and the kinds of acts the enterprise engaged in. See United

5

States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007); United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994). Moreover, we find that the evidence was not unduly prejudicial. Here, the government charged Melvin with racketeering and pattern of abuse of his office, and so was permitted to offer evidence that established the context for those crimes.

Melvin also challenges the admission of testimony that he failed to report campaign contributions, testimony of his interest in a co-conspirator's nightclub, and his post-arrest statements. He also challenges the sufficiency of the indictment with respect to the false statement counts. We have carefully reviewed all of Melvin's challenges and find them to be without merit.

Accordingly, we affirm the judgment of the district court in all respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED